UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EXECUTIVE PROPERTIES, INC., et al., | ) | CASE NO. 5:10CV2370 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | JUDGE SARA LIOI |
| GRANITE STATE INSRUANCE CO., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) ) | [Resolving Doc. 6] |

This matter comes before the Court on Defendant's motion to dismiss (Doc. 6). The matter is fully briefed and is ripe for the Court's disposition. For the reasons set forth herein, Defendant's motion is DENIED.

**I. Background**

The facts as set forth by Plaintiffs in the Complaint[1] are as follows: Plaintiff Executive Properties, Inc. ("Executive") is a management company that manages apartment complexes in Summit County, Ohio. The insurance policy at issue in this matter ("Policy") insures real property, including buildings, at an apartment complex managed by Executive and owned by Plaintiff Tallmadge Oaks, Ltd. ("Tallmadge Oaks"). Executive is the named insured on the Policy. (Doc. 6-3 at 4, 6, 8, 10-15.)

On or about June 26, 2008, Executive and Defendant Granite State Insurance ("Granite State") contracted to renew the Policy, effective July 1, 2008 to July 1, 2009. Shortly thereafter, on September 14, 2008, the covered property suffered damage to its roofs as a result

---

[1] The insurance policy at issue in this matter was not attached in its entirety to the Complaint because Plaintiffs indicated that it was too voluminous to attach. Granite State attached a copy of the policy to its Answer (Doc. 6), from which the Court was able to cite the pages relevant to the facts as iterated in the Complaint.

of the high winds caused by Hurricane Ike. Executive Properties informed Granite State of the damage through its claim representative, York Claim Service, Inc., and awaited further information regarding coverage. According to Plaintiffs, Granite State did not notify Executive regarding coverage until May 20, 2009. Plaintiffs assert that because of the delay, the interiors of the buildings suffered water damage, which then caused a loss of rents.

Plaintiffs brought this action in state court raising two breach of contract claims: one for Granite State's alleged failure to investigate the claim timely and the ensuing damage, and one for Granite State's alleged underpayment on the claim. Granite State removed the case to federal court and then filed its motion to dismiss Tallmadge Oaks and Count One of the Complaint. Granite State argues that, because Executive is the only named policyholder on this Policy, Tallmadge Oaks has no standing to bring suit and should be dismissed. It also asserts that Count One of the Complaint should be dismissed because the language of the Policy as well as Ohio law require that an insured mitigate its damages, and that Executive failed to do so.

## II. Analysis

Plaintiffs have not disputed the diversity jurisdiction of this Court, which arises under 28 U.S.C. § 1332. The Court must therefore apply Ohio's substantive law to the parties' claims. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Granite State has moved for the dismissal of Count One of Plaintiffs' Complaint, as well as the dismissal of Tallmadge Oaks for lack of standing and privity. The Court will first examine the standing issue.

### A. Tallmadge Oaks

Granite State contends that Tallmadge Oaks is not a proper party to this litigation because it is not a party to the contract of insurance on which Executive's claim is based, and it therefore lacks both standing and privity. Under Ohio law, "every action shall be prosecuted in

the name of a real party interest," and "one having no right or interest to protect ordinarily may not invoke the jurisdiction of a court." *State ex rel. Dallman v. Court of Common Please, Franklin County*, 35 Ohio St.2d 176, 178 (Ohio 1973). In a breach-of-contract claim, "[o]nly a party to the contract or an intended third-party beneficiary of a contract may bring an action on a contract." *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161 (Ohio 1991) (deciding on summary judgment the issue of a party's standing to sue under contract).

The construction of a written contract is a matter of law. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, paragraph one of the syllabus (1978) (superseded by statue on other grounds). The Ohio Supreme Court has stated as follows: "In construing the terms of any contract, the principal objective is to determine the intention of the parties. Generally, contracts should be construed in a manner to give effect to the intentions of the parties." *Hamilton Ins. Servs., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273 (Ohio 1999) (internal citations omitted). The intention of the parties is to be found in the language they used in the contract. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, paragraph one of the syllabus (Ohio 1987).

Granite State draws the Court's attention to the fact that the only named parties to the contract are Granite State as the insurer and Executive as the insured. (Doc. 6-3.) Citing Ohio law, Granite State argues that, because Tallmadge Oaks is not a named party to the contract, it cannot now proceed in this action against Granite State or make any claims based upon the contract. *See e.g., Grant Thornton*, 57 Ohio St.3d at 161 (Ohio 1991) (citing *Visintine & Co. v. New York, Chicago, & St. Louis R.R. Co.*, 169 Ohio St. 505 (Ohio 1959)).

An exception of sorts to this rule is the third-party beneficiary, who is a person for whose benefit the contract has been made, but who is not a party to the contract.

> The third party need not be named in the contract, as long as he is contemplated by the parties to the contract and sufficiently identified. Nor need the third party

3

> accept the contract, or even acknowledge its existence, but it must be shown that the contract was made and entered into with the intent to benefit the third person. A mere incidental or indirect benefit is not sufficient to give him a right of action.

*Chitlik v. Allstate Ins. Co.*, 34 Ohio App.2d 193, 196 (Ohio Ct. App. 1973) (citing *Emmitt v. Brophy*, 42 Ohio St. 82 (Ohio 1884); *Leyman v. Piggly-Wiggly Corp.*, 90 Ohio App. 506 (Ohio Ct. App. 1951); *Visintine*, 169 Ohio St. at 507). Under Ohio law,

> in order for a third-party beneficiary to have enforceable rights under a contract, circumstances surrounding the promise between the promisor and promisee must indicate that the promisee intended to benefit the third party, and the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary.

*Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 Fed. App'x 731, 734 (6th Cir. 2002) (quoting *Anderson v. Olmsted Util. Equip., Inc.*, 60 Ohio St.3d 124 (1991)).

Granite State argues that, if Tallmadge Oaks is a beneficiary of this contract at all, it is only an incidental beneficiary and cannot pursue claims based upon the contract. Plaintiffs respond that Tallmadge Oaks is an intended beneficiary of the Policy. The following definition appears after the endorsements in the Policy: "Throughout the Policy, the words **you** and **your** refer to the Named Insured(s) shown in the Declarations and any other person(s) or organization(s) qualifying as a Named Insured under this Policy. The words **we**, **us** and **our** refer to the company providing this insurance." (Doc. 6-3 at 16 (emphasis in original).) Later, however, there appear two provisions:

> 3. We shall not pay you more than your financial interest in the Covered Property.
>
> 4. We may adjust losses with the owners of lost or damaged Covered Property if other than you. If we pay the owners, such payments shall satisfy your claims against us for the owners' Covered Property. We shall not pay the owners more than their financial interest in the Covered Property.

4

*Id.* at 37 ("Provision 3" and "Provision 4"). Plaintiffs argue that Provisions 3 and 4 implicitly make Tallmadge Oaks a beneficiary of the Policy, regardless of the Policy definition of "you" and "your". Otherwise, argue Plaintiffs, the Policy is of no effect. The Policy states that Granite State will not pay Executive (who is not the property owner) more than its financial interest in the property, but also reserves to itself discretion as to whether to compensate the owner of the covered property. Provision 4, above, contemplates that the owner of the covered property might not be a named beneficiary of the Policy, which leaves substantial question as to whether Tallmadge Oaks was an intended beneficiary under the Policy, as the Policy provides for the possibility that Tallmadge Oaks would receive the benefit of Executive's having paid its premiums to insure against damage to the covered property at the discretion of Granite State, who had provided in the contract for the distribution of Policy proceeds to a party other than Executive.

At this stage of the proceedings, the Court declines to consider whether Plaintiff Tallmadge Oaks is a third-party beneficiary to the contract. Defendant's motion to dismiss Tallmadge Oaks is denied. Defendant is not precluded from raising this issue later in the proceedings, if appropriate, following discovery and more extensive briefing on the applicable contract provisions.

### B. Count One

Defendant next moves to dismiss Count One of Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. In its motion, Granite State contends that Plaintiffs have effectively admitted in the Complaint that they failed to mitigate the damage to the covered property in the time between the covered event and Granite State's payment on the claim. It cites the Policy and extensively

reviews both Ohio law and the law of other states for the proposition that an insured has a duty to protect its property from further damage during the time it takes for an insurer to investigate and pay on the claim.

As an initial matter, the Court would note that Defendant ought more properly to have moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). Defendant has not attempted to argue that Plaintiffs failed to make out a claim for breach of contract, but have instead contended that Plaintiffs made an admission that would negate their claims. As the standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as for a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6), *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)), the distinction has little effect.

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all well-pled allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957).

Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts"). In order to grant either a motion for judgment on the pleadings under Rule 12(c) or a motion to dismiss under 12(b)(6), the court must determine that "the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [it to] relief." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d at 852.

The Policy in this case provides that, "[i]n the event of loss or damage to Covered Property" Executive has a duty to "[t]ake all reasonable steps to protect the Covered Property from further damage." (Doc. 6-3 at 36, 65.) Under Ohio law, a party claiming damages as a result of another's breach of contract has a duty to take reasonable steps to limit the extent of his damages. *F. Ents., Inc. v. Kentucky Fried Chicken Corp.*, 47 Ohio St.2d 154, 159-60 (Ohio 1976). A party that has failed to mitigate its damages cannot recover those damages under the contract. *See Four Seasons Envtl, Inc. v. Westfield Cos.*, 638 N.E.2d 91, 92 (1994).

Granite State alleges that Plaintiffs have admitted in the Complaint that they failed to mitigate, citing the following:

14. During and because of [Granite State's] delay, water entered through the damaged roofs and damaged the interior of the Buildings. The cost to repair damage to the interior of the Building is in excess of $15,000.

15. During and because of [Granite State's] delay, a loss of tenants occurred and/or tenants did not renew their leases, causing Executive Properties damages in excess of $45,000.

(Doc. 1-1 at 4.) While the Court does not disagree with Granite State's thorough recitation of law on the subject of the duty of an insured to mitigate its damages, it does not find that Plaintiffs "undoubtedly can prove no set of facts in support of" their claims. *Routh*, 246 F.3d at 852. The reasonableness of Plaintiffs' mitigation is an issue that is subject to the parties' discovery in this matter. At this stage, Plaintiffs have sufficiently set forth allegations to support their claim that they suffered damages as a result of Granite State's delay in investigating and settling their claim. The Court is not persuaded that the paragraphs cited above amount to an admission by Plaintiffs of failure to mitigate. Instead, it finds that Count One sets forth a claim that is plausible on its face, as required under *Twombly*, 544 U.S. at 570. Determination of the issue of mitigation shall remain for a later day. Defendant's motion to dismiss Count One of Plaintiffs' Complaint is denied.

### III. Conclusion

For the reasons set forth herein, Defendant's motion to dismiss Plaintiff Tallmadge Oaks is DENIED. Defendant's motion to dismiss Count One of Plaintiffs' Complaint is DENIED.

**IT IS SO ORDERED**.

Dated: August 21, 2011

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**